**Edmund R. STEINMAN, Plaintiff-Appellant,**

v.

**SPECTOR FREIGHT SYSTEM, INC., et al., Defendants-Appellees.**

**No. 512, Docket 72–2014.**

United States Court of Appeals, Second Circuit.

Argued March 19, 1973.

Decided April 9, 1973.

Walter J. Brinson, Kenmore, N. Y., for plaintiff-appellant.

Francis F. Sulley, Chicago, Ill. (Vedder, Price, Kaufman & Kammholz, John P. Jacoby, Chicago, Ill., Flaherty, Cohen & Grande, Buffalo, N. Y., on the brief), for defendant-appellee Spector Freight System, Inc.

Paul A. Crotty, Buffalo, N. Y. (McMahon & Crotty, Joseph M. Crotty, Buffalo, N. Y., on the brief), for defendant-appellee Truck Drivers Local No. 449.

· Before SMITH, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

On the first appeal in this litigation, we reversed an order of the United States District Court for the Western District of New York, which had granted summary judgment to defendants Spector Freight System, Inc. and Truck Drivers Local No. 449, and we remanded the case for further proceedings. 441 F.2d 599 (1971). Familiarity with our prior opinion will be assumed. Upon remand, Judge John T. Curtin decided to put aside the breach of contract question until he had first tried the issue whether defendant Local 449 had breached its duty of fair representation to plaintiff Edmund R. Steinman in presenting his case in a grievance proceeding initiated by him after his discharge in September 1966. A non-jury trial was held on this issue, at which seven witnesses testified. Thereafter, the judge found that plaintiff had not proved that Local 449 had failed to represent him fairly on his 1966 grievance, and ordered judgment for both defendants.[1]

Appellant Steinman argues that the procedure followed by Judge Curtin was improper under our earlier opinion. It is true that we there emphasized that plaintiff had not yet received a fair hearing on the merits of his grievance, to which he was entitled. But we did so in the context of the issue then before us, which arose as follows. In March 1968, a National Labor Relations Board trial examiner found that Local 449 had failed to represent Steinman fairly in the proceeding before the Joint State Grievance Committee, in which Steinman had been unsuccessful on the merits. As a result of the trial examiner's order, Local 449 asked the State Committee, and ultimately the Eastern Conference Joint Area Committee, to grant Steinman a rehearing, but this was refused. In Steinman's subsequent suit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Judge Curtin granted summary judgment for defendants on the theory that the denial

1. Steinman v. Spector Freight System, Inc., Civil No. 1968–341 (W.D.N.Y. Feb. 16, 1972).

of a rehearing by the State and Area Committees barred the court action. It was in that context that we held on the prior appeal that summary judgment was improper; Steinman was not barred from pursuing his action because he was entitled to a fair hearing on the merits somewhere, and there was no proof on the record as it then was that he had received such a hearing.

■ The record before us on this appeal is entirely different. Judge Curtin has now ruled that Steinman did get a fair hearing in the original proceeding before the State Committee. Contrary to appellant's only argument to us, our prior opinion did not prevent the judge from trying the fair representation issue first. The defense that Local 449 actually had represented Steinman fairly was raised in both Spector's and the Local's answer. Because of the prior summary judgment, that issue had never been tried in the district court. We expressly noted in our prior opinion that "we are not passing upon any other defenses to plaintiff's suit that may be raised by Spector or Local 449." 441 F.2d at 604 n. 9. Certainly, under Vaca v. Sipes, 386 U.S. 171, 186–187, 196, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the judge could choose to hear the issue of fair representation first.[2] As for the effect on this litigation of the trial ex-

aminer's earlier decision, his finding of inadequate representation was certainly not binding on Spector, which was not a party to the unfair labor practice proceeding. Strip Clean Floor Refinishing v. New York District Council No. 9, 333 F.Supp. 385, 392 (E.D.N.Y.1971); 2 K. Davis, Administrative Law Treatise § 18.05 (1958); cf. Old Dutch Farms, Inc. v. Milk Drivers Local 584, 359 F.2d 598, 603 n. 7 (2d Cir.), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (1966). The wisdom of the identity-of-parties requirement is demonstrated in this case, because Spector, at the trial on remand, was able to produce additional evidence and thus provide a much more complete record than apparently had been available to the trial examiner.[3] The question whether the trial examiner's finding was binding on Local 449 in this action was not raised below after remand and is not pressed before us.

Finally, appellant does not claim that Judge Curtin's findings on the question whether Local 449 had fairly represented Steinman are clearly erroneous. This shows good judgment, for the judge's careful 14-page opinion on the merits of that issue is quite persuasive.[4]

The judgment of the district court is affirmed.

---

2. After remand, appellant did not object to Judge Curtin's separate trial order when it was first entered, Steinman v. Spector Freight System, Inc., Civil No. 1968–341 (W.D.N.Y. Sept. 27, 1971), or even when appellant filed his trial memorandum. In fact, appellant's first such objection came after he had rested his case, and this was not only tardy but vague.

3. The trial examiner relied principally upon the fact that the union representative had not apprised the State Grievance Committee of Steinman's prior opposition to Spector's layover rules and had not even attempted to introduce the minutes

of Steinman's 1965 grievance proceeding. In contrast, Judge Curtin noted: "The State Committee had a copy of the minutes of plaintiff's 1965 case and was fully aware of plaintiff's complaints about the Richfield dispatch procedures." Steinman v. Spector Freight System, Inc., supra note 1, at 10.

4. Steinman's complaint also contained a claim for unpaid layover wages. It is quite clear from Judge Curtin's opinion that plaintiff did not meet his burden of showing that "pressing a grievance would have been futile." 441 F.2d at 604.